UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISHAN WANG,<br>*Plaintiff*,<br><br>v.<br><br>ANGEL QUIROS *et al.*,<br>*Defendants*. | No. 3:21-cv-1133 (JAM) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Lishan Wang is a prisoner in the custody of the Connecticut Department of Correction (DOC). He has filed this *pro se* and *in forma pauperis* action principally alleging that prison officials discriminated against him and were deliberately indifferent to his medical needs. The sole remaining defendant, Lieutenant Dwight Harmon, has moved for summary judgment. Wang in turn has moved for reconsideration of the Court's prior ruling dismissing defendant Nurse Marie Charles from the case. For the reasons set forth below, I will grant Harmon's motion for summary judgment and deny Wang's motion for reconsideration.

BACKGROUND

Wang originally filed this action against eight defendants, including Lieutenant Dwight Harmon and Nurse Marie Charles. Wang is an Asian male, and he claims that Harmon discriminated against him because he was Asian and also that Charles was deliberately indifferent to his medical needs.[1]

The Court (Covello, J.) issued an initial review order pursuant to 28 U.S.C. § 1915A(b)(1) that allowed Wang's claim against Harmon to proceed but that dismissed all of Wang's other claims, including his claim against Charles.[2] As Judge Covello explained in the

---
[1] Doc. #17 at 7 (¶ 23), 14 (¶ 34), 17 (¶ 49).
[2] Doc. #19 at 21–22.

1

initial review order, Wang's claim against Charles stemmed from an encounter with her when he had COVID-19 and felt dehydrated.[3] She refused his request for "koolate" and instead recommended that he drink water.[4] Judge Covello concluded that these facts suggested at most a claim for medical negligence and did not state a plausible claim for deliberate indifference to Wang's serious medical needs.[5]

For purposes of Harmon's motion for summary judgment, the following facts are taken as true.[6] Wang was housed in July 2021 at MacDougall-Walker Correctional Institution where Lieutenant Harmon worked as a correctional officer.[7]

On July 11, 2021, Lieutenant Harmon observed Wang not wearing a facemask in a common room of the prison.[8] Because of COVID-19, prisoners at the time were required to wear masks in common rooms.[9] Harmon told Wang to put his mask on and warned him that he would be disciplined if he was seen not wearing the mask again.[10] Wang was dismissive and irate in a manner that Harmon understood to suggest that Wang wanted to provoke an argument with him.[11]

---

[3] *Id.* at 2–3.
[4] *Id.* at 3.
[5] *Id.* at 17.
[6] These facts are drawn from Harmon's Local Rule 56(a)(1) statement and supporting exhibits. Doc. #58. Local Rule 56(a)(2) requires the party opposing summary judgment to submit a Local Rule 56(a)(2) statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)(1) statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)(3). Harmon informed Wang of this requirement in accordance with Local Rule 56(b). Doc. #58-3. Rather than filing the required statement, Wang filed a "Motion for Court to Be Flexible and Lenient When It Comes to the Formality Required for Plaintiff in Local Rule 56." Doc. #76 at 1 (capitalization altered). But the fact that Wang is unrepresented does not excuse him from complying with the Court's rules. *See Nguedi v. Fed. Rsrv. Bank of N.Y.*, 813 F. App'x 616, 618 (2d Cir. 2020). I will therefore credit those facts set forth by Harmon to which Wang does not assert a proper denial and which are properly supported by admissible evidence. *See* D. Conn. L. Civ. R. 56(a)(1), D. Conn. L. Civ. R. 56(a)(3); *Mayo v. City of New Britain*, 2021 WL 681146, at *4–5 (D. Conn. 2021).
[7] Doc. #58-2 at 1 (¶¶ 1–2), 3 (¶ 22); Doc. #58-4 at 2; Doc. #17 at 2 (¶ 3).
[8] *Ibid.* (¶ 24).
[9] *Ibid.* (¶ 25).
[10] *Ibid.* (¶¶ 27–28).
[11] *Ibid.* (¶ 26).

On July 19, 2021, Harmon again observed Wang without a mask in a common area.[12] Harmon issued Wang an informal disciplinary ticket, and when Wang refused to sign it, issued him a formal disciplinary ticket for disobeying a direct order.[13] Harmon attests that Wang's race and ethnicity did not play any role in his actions seeking to enforce the masking policy against Wang and that he has enforced the mask policy against other inmates without regard to any inmate's race or ethnicity.[14]

## DISCUSSION

I will first address Harmon's motion for summary judgment before turning to Wang's motion for reconsideration.

### *Harmon's motion for summary judgment*

The principles governing my review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close and contested issues but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (*per curiam*); *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019).[15]

---

[12] *Ibid.* (¶ 29).
[13] *Ibid.* (¶¶ 30–31).
[14] *Id.* at 4 (¶¶ 33–35).
[15] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

Because Wang is a *pro se* party, his pleadings and submissions on summary judgment must be given a liberal construction. "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (*per curiam*).

Wang alleges that Harmon violated his Fourteenth Amendment right to equal protection by singling him out as an Asian for not wearing a mask. To prevail on a selective enforcement claim under the Equal Protection Clause, Wang must prove that "(1) compared with others similarly treated, he was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Jones v. Hakins*, 2020 WL 509856, at *4 (D. Conn. 2020) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)).

Of course, evidence of intentional discrimination may come in many forms. Sometimes the evidence is direct. For example, a defendant may make comments that reveal their consideration of a plaintiff's race. Or a defendant may enforce or apply a policy that is explicitly based on race or factors that can reasonably be viewed as a proxy for race. Other times the evidence of discrimination may be less direct. For example, a defendant may give preferential treatment to others who are similarly situated to the plaintiff but who are not the same race as the plaintiff. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (noting how a plaintiff may point to "direct evidence of intent to discriminate or by indirectly showing circumstances giving rise to an inference of discrimination").

Harmon attests that he enforced the mask policy against Wang as well as against other inmates and that he did not take Wang's race or the race of any other inmate into consideration when enforcing the policy.[16] Because Wang has not filed a proper Rule 56(a)(2) statement to controvert Harmon's statement of facts, I credit Harmon's version. Wang was expressly advised of the requirements of Rule 56 and the Court's corresponding Local Rule 56, but he chose not to comply. *See Grimes v. McDonald*, 2021 WL 3773327, at *2 (D. Conn. 2021) (explaining grounds for court to credit defendant's statement of facts where *pro se* plaintiff declines to file competing fact statement despite explicit notice of obligation to do so).

In any event, even if I overlooked Wang's failure to comply with Local Rule 56(a)(2), I would conclude that the admissible evidence of record falls short of raising a genuine issue of fact to show that Harmon acted against Wang because of Wang's race. Wang's response to the motion for summary judgment accuses Harmon of being a "sadist, psychopath, and pathetic liar."[17] But vitriol aside, Wang does not point to any direct or circumstantial evidence to show that Harmon took Wang's race into consideration when he enforced the mask policy. For example, he does not point to any race-based comments by Harmon. Although he claims that "[a] great majority of COs had stopped enforcing the mask wearing policy and many of them did not wear a mask themselves," he does not point to any admissible evidence that Harmon himself failed to enforce or comply with the masking policy.[18]

Wang claims that "a few Black inmates" told him that Harmon had not enforced the masking policy against them.[19] But he does not name these inmates, much less does he introduce affidavits or other admissible evidence from these other inmates. For summary judgment

---

[16] Doc. #58-6 at 3–5 (¶¶ 13–16, 23–28).
[17] Doc. #63 at 3 (¶ 3).
[18] *Id.* at 5 (¶ 9.a).
[19] *Id.* at 11 (¶ 20.b).

purposes, he cannot rely for their truth on hearsay statements about what other inmates told him. *See Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013); *Barrett-Browning v. Dep't of Corr.*, 2020 WL 5118132, at *5 (D. Conn. 2020). And general conclusory statements that similarly situated inmates of different races were treated differently do not establish the existence of a genuine issue of material fact precluding summary judgment on a selective enforcement claim. *See Crocker v. Jamison*, 2021 WL 3639540, at *5 (D. Conn. 2021); *Charles v. Maleh*, 2006 WL 581206, at *11 (D. Conn. 2006).

Wang also claims that Harmon "may also be out of avenging for two Black inmates who had stolen Mr. Wang's property and were reported by Mr. Wang to the Warden and Lieutenant Office."[20] But he offers no evidence to support this speculation.

Wang further claims that "security video camera footage will prove that before Lt. Harmon approached Mr. Wang and started to talk to Mr. Wang, Mr. Wang had already put a mask on his face."[21] But Wang has not introduced any such footage or other competent evidence of what any security video cameras may show.

More generally, Wang disputes the general facts about the tenor and nature of his encounters with Harmon. But even if I were to credit these claims notwithstanding Wang's failure to comply with Local Rule 56(a)(2), they raise at most a possibility that Harmon was overbearing but they do not suggest that a reason that Harmon acted against Wang was because of Wang's race. No reasonable jury could conclude on the factual record before me that Harmon enforced the mask policy against Wang because of Wang's race.

---

[20] *Id.* at 12 (¶ 22).
[21] *Id.* at 16 (¶ 27) (underlining omitted).

6

I will therefore grant Harmon's motion for summary judgment. Because Wang's equal protection claim fails on the merits, I need not address Harmon's alternative arguments for summary judgment.

### *Wang's motion for reconsideration*

Wang moves for reconsideration of Judge Covello's prior order dismissing his Eighth Amendment claim against Charles for deliberate indifference to his serious medical needs. Wang argues that (1) a "reasonable, competent" physician would not have told him to drink water, and (2) Charles did not properly document Wang's symptoms.[22]

The standard for granting a motion for reconsideration is strict. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). The three primary grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Wachovia Mortg., FSB v. Toczek*, 841 F. App'x 267, 272 (2d Cir. 2021) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018).

Wang has not adduced any facts or argument that could not have been previously asserted, shown any controlling facts or law that the Court has overlooked, or otherwise shown any clear error or manifest injustice that will result from adherence to the Court's prior decision. As to Wang's first argument—that a reasonable and competent physician would not have told him to drink water instead of "koolate" when he was dehydrated—this allegation against Charles is based on only a disagreement over treatment and therefore fails to show that Charles was deliberately indifferent to Wang's medical needs. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d

---

[22] Doc. #68 at 2 (¶¶ 4–5).

Cir. 2015) ("[Plaintiff's] disagreement with this choice of treatment is not evidence of defendants' deliberate indifference to his condition.").

Moreover, Wang's argument fails for another reason. He admits that another nurse or doctor overheard his conversation with Charles and gave him koolate.[23] Wang therefore cannot point to any injury that resulted from Charles's actions or inactions. *Cf. Garcia v. Semple*, 2019 WL 5597771, at *12 (D. Conn. 2019) (dismissing a prisoner claim under § 1915A(b)(1) where the prisoner did not allege an injury).

Wang's second argument also fails to show how he was injured by Charles's alleged failure to properly document his symptoms. He claims to have "uncovered" her documentation failure during discovery but produces no evidence in support of this contention.[24] Although he has submitted portions of his medical records annotated with claims that the nurses are lying, none of the records mention Charles.[25]

Wang has not shown grounds for reconsideration of Judge Covello's prior ruling dismissing Wang's claim against Charles. Accordingly, I will deny the motion for reconsideration.

Lastly, several months ago the Second Circuit ruled that Judge Covello erred with respect to a separate *pro se* action filed by Wang because Judge Covello did not *sua sponte* consider whether to conduct a competency hearing for Wang in accordance with Rule 17(c)(2) of the Federal Rules of Civil Procedure. *See Wang v. Delphin-Rittmon*, 2022 WL 17176392, at *1 (2d Cir. 2022). I have considered my obligations under Rule 17 and conclude on the basis of Wang's

---

[23] Doc. #17 at 6 (¶ 20).
[24] Doc. #68 at 2 (¶ 5).
[25] *See id.* at 2 (¶ 5), 5–7.

detailed submissions reflecting his ability to cogently and forcefully press claims on his behalf that there are no substantial grounds to question his competency at this time.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS the motion of defendant Harmon for summary judgment (Doc. #58). The Court DENIES Wang's motion for reconsideration of Judge Covello's ruling dismissing Wang's claim against defendant Charles (Doc. #68).

Wang has also filed other pending motions. The Court GRANTS the motion to be flexible and lenient (Doc. #76) to the extent that the Court accords Wang the benefit that courts ordinarily accord to self-represented litigants. The Court GRANTS Wang's motion for the Court to confirm receipt of Wang's filing titled "Plaintiff's Rebuttal to Defendant's Reply," which the Court received on October 12, 2022, but DENIES without prejudice the motion insofar as Wang requests that the Court send a list of all docketed documents filed with the Court in this case for failure to show why Wang is unable to access such a list through the prison's e-filing system (Doc. #77). The Court GRANTS Wang's motions to file rebuttals to the defendants' replies and has considered Wang's rebuttal motions (Docs. #78, #79). The Court DENIES as moot Wang's motion to expedite and to appoint counsel (Doc. #80). The Court DENIES without prejudice Wang's motion for the Court to send copies of e-filed notices and rulings for failure to show why Wang is unable to access such documents through the prison's e-filing system (Doc. #81).

The Clerk of Court shall mail a copy of this ruling and a copy of the docket sheet to Wang at his address of record. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 6th day of February 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge